Dear Senator Murray:
This letter is in answer to your request for an opinion of this office which reads as follows:
 "May a legally licensed Missouri pharmacy which is part of a chain, at the customer's request, obtain the transfer of a prescription from another pharmacy in the same chain and legally dispense a refill on the computer transferred prescription if the prescription may otherwise be legally refilled?"
A search of the Missouri statutes revealed no specific provision which would prevent members of a chain of pharmacies from refilling prescriptions originally filled at one pharmacy, based upon a copy of that original prescription transferred by a central computer to another pharmacy in the chain.
However, this office directs your attention to Title21 U.S.C.A. § 353(b)(1), which reads as follows:
"A drug intended for use by man which —
 (A) is a habit-forming drug to which section 352(d) of this title applies; or
 (B) because of its toxicity or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use, is not safe for use except under the supervision of a practitioner licensed by law to administer such drug; or
 (C) is limited by an approved application under section 355 of this title to use under the professional supervision of a practitioner licensed by law to administer such drug,
 shall be dispensed only (i) upon a written prescription of a practitioner licensed by law to administer such drug, or (ii) upon an oral prescription of such practitioner which is reduced promptly to writing and filed by the pharmacist, or (iii) by refilling any such written or oral prescription if such refilling is authorized by the prescriber either in the original prescription or by oral order which is reduced promptly to writing and filed by the pharmacist. The act of dispensing a drug contrary to the provisions of this paragraph shall be deemed to be an act which results in the drug being misbranded while held for sale."
Title 21 U.S.C.A. § 331, reads in part as follows:
 "The following acts and the causing thereof are prohibited:
* * *
 (k) The alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling of, or the doing of any other act with respect to, a food, drug, device, or cosmetic, if such act is done while such article is held for sale (whether or not the first sale) after shipment in interstate commerce and results in such article being adulterated or misbranded."
Title 21 U.S.C.A. § 333, reads in part as follows:
 "(a) Any person who violates a provision of section 331 of this title shall be imprisoned for not more than one year or fined not more than $1,000, or both.
 "(b) Notwithstanding the provisions of subsection (a) of this section, if any person commits such a violation after a conviction of him under this section has become final, or commits such a violation with the intent to defraud or mislead, such person shall be imprisoned for not more than three years or fined not more than $10,000, or both."
 The Rx Legend, An FDA Manual for Pharmacists, FDA Publication No. 12 (Revised May 1972), page 16, reads as follows:
 "Q. Can I give a copy of a prescription? Can I fill or refill a copy of a prescription?
 "A. You can give a copy of a prescription. It should be clearly marked as a copy, and it has no legal status as a valid prescription that can be filled or refilled by a pharmacist. We recognize that a copy of a prescription may be useful for information purposes. We think that is the only purpose a copy of a prescription can serve.
 "The difficulty faced by a pharmacist who wishes to refill a prescription on the basis of a copy is that no matter what kind of refill instructions are marked on the copy, the pharmacist who receives it has no way of knowing whether or to what extent that prescription has been refilled by the pharmacy where it was originally filled. Indeed he cannot ascertain whether copies have been given to other pharmacies. His only entirely safe course is to call the prescribing physician; and then, in practical effect, he is getting a new prescription."
Thus, it is possible that the refilling of the copy of the prescription provided by the computer may be construed by the federal authorities as dispensing drugs without a prescription, and thus a violation of 21 U.S.C.A. § 331. Should the pharmacist and/or pharmacy involved be convicted of a felony in Federal court pursuant to 21 U.S.C.A. § 333, the state permit of that pharmacist and/or pharmacy would be subject to disciplinary action pursuant to Sections 331.055 and 338.285, RSMo Supp. 1975. Section 338.055, reads in part as follows:
 "2. The board may on its own information or on complaint of any person, cause a complaint to be filed before the administrative hearing commission pursuant to chapter 161, RSMo, charging a licensee with any of the specific acts of unprofessional or dishonorable conduct as set forth in this section, which conduct if proved shall constitute grounds for revocation or suspension of his license, or the placing of the licensee on probation. After the filing of such complaint by the board the proceeding will be conducted in accordance with the provisions of chapter 161, RSMo.
 "3. The following specifications shall be deemed unprofessional or dishonorable conduct within the meaning of this section:
(1) Conviction of a felony;"
A pharmacist and/or pharmacy may also lose the Missouri Controlled Substance Registration if convicted of a felony or any law related to controlled substances, or if the federal registration to manufacture, distribute or dispense is suspended or revoked. See Section 195.040, RSMo Supp. 1975.
It is our view that there is no Missouri statute which prohibits a legally licensed Missouri pharmacy which is a part of a chain of pharmacies from obtaining the transfer of such a prescription from another pharmacy in the same chain and dispensing a refill based on the computer transferred copy of the prescription if the prescription may otherwise be legally refilled. However federal authorities should be consulted to determine if this activity would constitute a violation of the federal laws or regulations.
Very truly yours,
 JOHN ASHCROFT Attorney General